UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>       v.<br><br>ONE 2001 TOYOTA SEQUOIA, BEARING<br>VEHICLE IDENTIFICATION NUMBER<br>5TDBT48A31S055061, and<br>MASSACHUSETTS REGISTRATION NUMBER<br>7655YI, and ONE 2003 LEXUS SC430,<br>VEHICLE IDENTIFICATION NUMBER<br>JTHFN48Y130045173, and<br>MASSACHUSETTS REGISTRATION NUMBER<br>42MS06,<br>            Defendants. | )<br>)<br>)<br>) Civil Action No.<br>) 04 12024 RGS<br>)<br>)<br>) MAGISTRATE JUDGE_____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to Title 21, United States Code, Section 881, and Title 49, United States Code, Section 80303, alleges that:

    1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355, and 1356.  Venue is appropriate pursuant to 28 U.S.C. §§ 1355 and/or 1395.

    2.   The in Rem defendants are now and, during the pendency of this action, will be within the jurisdiction of this Court.

    3.   The in Rem defendants are described as one 2001 Toyota Sequoia, Vehicle Identification Number 5TDBT48A31S055061, and Massachusetts Registration Number 7655YI, registered in the name of Erick Donis, and one 2003 Lexus SC430, Vehicle Identification Number JTHFN48Y130045173, and Massachusetts Registration Number

42MS06, registered to Toyota Motor Credit Corporation, and leased to Erick Donis (the "Defendant Vehicles").

4.  As outlined in detail in the Affidavits of United States Bureau of Immigration and Customs Enforcement Special Agent Peter Darling, and Massachusetts State Trooper Steven M. Racki, attached hereto as Exhibits A and B, and incorporated herein by reference, the United States has probable cause to believe that the Defendant Vehicles are subject to forfeiture to the United States, as they were used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of Title 21, The Federal Drug Abuse Prevention and Control Act (the "Act"), and are therefore subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) and (b).

5.  Further, the United States has probable cause to believe that the Defendant Vehicles are subject to forfeiture to the United States, as they were used to transport, conceal, possess, or to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of, cocaine, which constitutes contraband, in violation of Title 49, United States Code, Section 80303(b)(1), (b)(2), or (b)(3).

6.  By reason of these facts, the Defendant Vehicles are properly condemned as forfeited to the United States of America

pursuant to 21 U.S.C. § 881(a)(4), and 49 U.S.C. § 80303(b)(1), (b)(2), or (b)(3).

WHEREFORE, the United States of America requests:

(1) that a warrant and monition, in the form submitted, be issued to the United States Bureau of Customs and Border Protection, commanding them to: (a) take custody of the Defendant Vehicles, and (b) give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

(2) that judgment of forfeiture be decreed against the Defendant Vehicles;

(3) that thereafter the in Rem Defendant Vehicles be disposed of according to law; and

(4) for costs and all other relief to which the United States may be entitled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Shelbey D. Wright
Shelbey D. Wright
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

Date: 9-20-04

<u>Verification</u>

I, Peter Darling, Special Agent, United States Bureau of Immigration and Customs Enforcement, state that I have read the foregoing Complaint for Forfeiture <u>In</u> <u>Rem</u> and the attached Affidavits, and the contents thereof are true to the best of my knowledge, information, and belief.

```
                              _____
                              Peter Darling
                              Special Agent
                              U.S. Bureau of Immigration and
                              Customs Enforcement
```

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss                                                      Boston

Then personally appeared before me the above-named Peter Darling, Special Agent of the United States Bureau of Immigration and Customs Enforcement, who acknowledged the foregoing to be true to the best of his knowledge, information, and belief, on behalf of the United States of America.

Sworn and subscribed to before me this 20th day of September, 2004.

```
                              _____
                              Lisa J. Talbot
                              Notary Public
```

My commission expires:

May 29, 2009

LISA J. TALBOT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 29, 2009

4

DECLARATION OF PETER DARLING

I, Peter Darling declare as follows:

1. I am a Special Agent, Department of Homeland Security, Bureau of Immigration and Customs Enforcement, assigned to the Boston, Massachusetts office. I have been a Special Agent for seven years. I have received training in federal laws concerning controlled substances, federal law of search and seizure, including the legal requirements to establish probable cause.

2. During 2004, I was assigned to work jointly with the Massachusetts State Police and other federal officers in connection with an undercover investigation of Erick Donis of Winthrop, Massachusetts.

2. As part of my work, I knew that Massachusetts State Trooper Steven M. Racki was acting in an undercover capacity and arranging to purchase cocaine from Donis.

3. I have reviewed the Declaration of Steven M. Racki, executed on September 20, 2004, in which he sets forth the facts surrounding his undercover work as a buyer of cocaine from Donis, and his statements regarding Donis' use of the defendant vehicles in the cocaine sales by Donis, and I conclude that the facts set forth therein establish probable cause to believe that the defendant vehicles, a 2003 Lexus, and a 2001 Toyota Sequoia, were used in violation of 21 U.S.C. § 881 and 49 U.S.C. § 80302.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 20, 2004.

Peter Darling
Special Agent
Bureau of Immigration and Customs Enforcement

## DECLARATION OF STEVEN M. RACKI

I, Steven M. Racki declare as follows:

1. I am a Massachusetts State Trooper, assigned at all relevant times during 2004 to the Suffolk County Detective Unit – Narcotics.

2. During early 2004, I was assigned to a narcotics investigation in an undercover capacity.

3. The subject of the investigation referred to in paragraph 2 was Erick Donis, 826 Governors Drive, Wiinthrop, MA.

4. On March 12, 2004, in Revere, Massachusetts, I arranged to meet Donis to purchase cocaine. At approximately 1420 hours I observed the defendant Lexus vehicle operated by Donis, and I met him at the vehicle. Donis exited the vehicle and opened the trunk of the vehicle. He then placed a plastic bag of cocaine in the trunk, and I then placed eighty dollars next to it and took the cocaine.

5. On March 23, 2004, I arranged to meet Donis in Revere, Massachusetts, to purchase cocaine. At approximately 1530 hours I observed Donis drive to the agreed meeting spot in the defendant Lexus vehicle. I entered the Lexus, and he gave me cocaine in exchange for my paying him $160.

6. On March 30, 2004, I arranged to meet Donis in Revere, Massachusetts to purchase cocaine. At approximately 1310 hours, I observed him arrive at the agreed meeting place driving the defendant Toyota vehicle. I entered the vehicle and Donis gave me cocaine in exchange for my paying him $300.

7. On April 8, 2004 I arranged to meet Donis in Revere, Massachusetts, to purchase cocaine. At approximately 1440 hours, I observed him arrive at the

agreed meeting place driving the defendant Lexus vehicle. We entered a coffee shop, located in Revere, Massachusetts, and Donis gave me cocaine in exchange for my paying him $1800.

8. Shortly after the sale referred to in paragraph seven, Donis was arrested, and the defendant Lexus was searched, and the officers found powder and rock cocaine in the vehicle.

9. On April 8, 2004, state law enforcement officers executed a state court search warrant on the defendant Toyota in Winthrop, Massachusetts. The officers found cocaine inside the defendant Toyota.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 20, 2004.

Trooper Steven M Racki